UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

CHRISTINA SHULTZ                                  COMPLAINT

                            Plaintiff,

                                              Case #

    v.

VALLEY VIEW CHEESE, INC.

                            Defendant.
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

      This is a civil action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, Section 701, et seq., as amended by 42 USC Section 2000e, et seq. Jurisdiction is founded upon 42 USC Sections 2000e (1) through 2000e (15). Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law. The amount in controversy exceeds $250,000 excluding costs and attorney's fees

      The plaintiff has complied with all the jurisdictional prerequisites to actions taken under Title VII of the Civil Rights Act of 1964:

      a. Commencing on or about April 1, 2017, defendant engaged in employment discrimination consisting of condoning, permitting, or refusing to terminate sexual harassment and discrimination of the plaintiff, or refusing to terminate the actions of agents of the defendant which constituted sexual harassment of the plaintiff by her supervisor. The defendant thereafter engaged in retaliatory practices against the plaintiff when she complained about the hostile work environment she was experiencing at the defendant's facility.

      The plaintiff, Christina Schultz, by her attorneys, The Westman Law Firm, James E. Westman, Esq., of counsel, for her complaint against the defendant alleges as follows:

      1. At all times hereinafter mentioned the plaintiff was and still is a resident of Cattaraugus County, New York.

      2. At all times hereinafter mentioned the defendant was and still is a corporation duly incorporated under the laws of the United States or a State of this Union and is authorized to conduct business and produce products in the State of New York.

      3. The defendant is managed by an entity denoted as the "Amish Committee".

4. There is an advisory group which gives counsel to the Amish Committee of the defendant denoted as the Board of Directors.

5. The plaintiff was employed full time commencing on or about April 1, 2017 as a cashier at the defendant's retail store.

6. In February of 2018 the plaintiff was promoted to the position of store manager at the defendant's retail store.

7. As store manger the plaintiff's duties included

   A. She did orders for the various branches of the defendant's retail and manufacturing operations

   B. She purchased products for both the retail sales and manufacturing operations of the defendant

   C. She kept records of store sales and expenses

   D. She prepared and made out daily corporate bank deposits

   E. She supervised the work of the other two workers at the defendant's

8. During her tenure as store manager the plaintiff received performance evaluations which were all good.

9. During the plaintiff's tenure of employment the plaintiff was repeatedly humiliated by employees of the defendant who told her she could not do certain functions at the retail store and the manufacturing portion of the corporation's facility because she was a woman or because as a woman she was too stupid to perform certain functions.

10 These humiliating comments intensified once the plaintiff was promoted to the position of store manager.

11. On or about November 8, 2019 the plaintiff submitted a letter of complaint to a manager of the defendant, Chrystal Abers.

12 The aforesaid humiliations continued after plaintiff's presentation of her complaint letter

13. Upon information and belief on or about November 11, 2019 the defendant's Amish Committee and the Board of Directors held a closed meeting.

14. As a retaliation for filing her complaint on or about November 21, 2019, the plaintiff was fired by the defendant's CEO David Johnson.

15. Mr. Johnson told the plaintiff that she was being fired because the defendant wanted a man as store manager based upon the defendant's feeling that the position of store manager was "a man's job".

WHEREFORE plaintiff demands judgment against the defendant in the amount of $250,000 for her cause of action together with the costs, disbursements, and counsel fees of this action as well as such other and further relief as to the trier of fact feels just and proper.

Plaintiff requests a jury trial with the maximum number of jurors allowed by law.

DATD: January 6, 2020.
              2021

THE WESTMAN LAW FIRM

BY: _____
James E. Westman, Esq.
Attorneys for Plaintiff
300 East Sixth Street
Jamestown, NY  14701
(716) 664-3223


_____
Christina Shultz
Plaintiff


19-134J

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
                    SS:
COUNTY OF CHAUTAUQUA

    Christina Shultz being duly sworn, deposes and says that deponent is the plaintiff in the within action; that deponent has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
Christina Shultz

Sworn to before me, this
6th day of January, ~~2020~~ 2021

_____
Notary Public

JOHN J. WESTMAN #02WE6145638
Notary Public, State of New York
Qualified in Erie County
My Commission Expires on 5/8/22