UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINA SHULTZ,

        Plaintiff,

        v.

VALLEY VIEW CHEESE, INC.,

        Defendant.

**DECISION AND ORDER**

21-CV-256S

## I. INTRODUCTION

In this action, Plaintiff Christina Shultz seeks damages from her former employer, Valley View Cheese Company, Inc. ("Valley View") for discriminating against her on the basis of her sex, and retaliating against her when she complained, in violation of Title VII. Defendants have moved to dismiss Shultz's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is granted, but Plaintiff is granted leave to amend her complaint.

## II. BACKGROUND

This Court assumes the truth of the following factual allegations contained in Shultz's complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Valley View is a New York corporation. (Complaint, Docket No. 1, ¶ 2.) Plaintiff Christina Shultz was employed full-time as a cashier at Valley View's retail store. (Id., ¶ 3.) She began working for Valley View around April 1, 2017. (Id., ¶ 5.) In February of

2018 she was promoted to store manager. (Id., ¶ 6.) Shultz received good performance evaluations for her work as store manager. (Id., ¶ 8.) While she worked for Valley View, Shultz was repeatedly humiliated by being told that, because she was a woman, she was unable or too stupid to perform certain functions at Valley View's retail store and manufacturing facility. (Id., ¶ 9.) These comments intensified after she was promoted to store manager. (Id., ¶ 10.) Shultz submitted a letter of complaint to Valley View's manager, Chrystal Abers, on or about November 8, 2019. (Id., ¶ 11.) The humiliating comments continued after Shultz's complaint. (Id., ¶ 12.) The board of directors and the "Amish Committee," which manages Valley View, held a closed meeting on or about November 11, 2019. (Id., ¶ 13.) On or about November 21, 2019, Valley View's CEO David Johnson fired Shultz. (Id., ¶ 14.) Johnson told Shultz that Valley View wanted a man as store manager because it felt that the position of store manager was a "man's job." (Id., ¶ 15.)

Shultz commenced this action on February 15, 2021. She seeks damages, costs, and attorney's fees from Valley View.

### III.  DISCUSSION

Shultz alleges two causes of action against Valley View. She alleges that Valley view engaged in employment discrimination against her in violation of Title VII, and then retaliated against her when she complained about the discrimination she experienced, also in violation of Title VII.

Valley View moves to dismiss Shultz's claims for failure to state a claim upon which relief can be granted under Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

**A.      Failure to State a Claim**

Valley View argues that Shultz has not alleged sufficient facts to state a claim against it because (a) by failing to file a complaint with the EEOC before commencing this action, she failed to exhaust her administrative remedies and (b) her complaint does not allege—and her briefing contradicts the idea—that Valley View is an "employer" within the meaning of Title VII.

**1.  Rule 12 (b)(6)**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation

of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id.; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context-specific and requires that the court draw on its judicial experience and common sense. Iqbal, 556 U.S. at 679. First, statements that are not entitled to the presumption of truth—such as conclusory allegations, labels, and legal conclusions—are identified and stripped away. See id. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

**2. Exhaustion of Remedies**

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003); see also 42 U.S.C. § 2000e–5(e) and

(f) (providing procedures and deadlines for filing charges with the EEOC and, following receipt of a right-to-sue letter, in court); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (describing Title VII exhaustion as requiring that "a claimant...file[ ] a timely complaint with the EEOC and obtain[ ] a right-to-sue letter"). Exhaustion is "an essential element of Title VII's statutory scheme." Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489–90 (2d Cir. 2018) (quoting Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000)).

Although exhaustion of remedies by filing an EEOC complaint is a requirement for winning a Title VII case, the Second Circuit has clarified that "the burden of pleading and proving Title VII exhaustion lies with *defendants* and operates as an *affirmative defense*." Hardaway, 879 F.3d at 491 (emphasis added).

Here, Valley View correctly points out that Shultz's complaint does not indicate that she filed an EEOC complaint or received a right-to-sue letter. In fact, in her opposition to Valley View's motion, she submits a copy of a letter from her attorney to the EEOC explaining why he did not consider it necessary to file an EEOC complaint. (See Docket No. 10-1 at p. 5.)

However, because failure to exhaust is an affirmative defense, it is not a proper basis for dismissal at this stage. Valley View's motion to dismiss will therefore not be granted on this basis.

### 3. Employer Status under Title VII

Valley View argues also that Shultz has failed to plead that it qualifies as an employer under Title VII and that it is not, in fact, an "employer."

Title VII makes it unlawful for "employers" to fail or refuse to hire or to discharge

any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C.A. § 2000e. Title VII defines an "employer" as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. 42 U.S.C.A. § 2000e.

"The threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief." Arbaugh v. Y&H Corp., 546 U.S. 500, 516, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006). Dismissal is warranted "if the complaint shows on its face that the element of the statutory coverage is lacking." Da Silva v. Kinsho Intern. Corp., 229 F.3d 358, 365-66 & n.9 (2d Cir. 2000). As a result, to survive a motion to dismiss, a plaintiff must allege facts that "plausibly support [ ] an allegation" that her employer is covered by Title VII. Eyeghe v. Thierry, No. 14-CV-1914 (JMF), 2014 WL 5242605, at *1 (S.D.N.Y. Oct. 15, 2014) (dismissing claim under Title VII where plaintiff failed to allege that the employer "ha[d] fifteen or more employees").

Shultz's complaint does not allege that Valley View had 15 or more employees. In support of its motion to dismiss, Valley View attaches a sworn statement by its business manager, Linda Bates, asserting that at all relevant times Valley View employed between 6 and 10 people. (Docket No. 4-4 at pp. 1-2.) It also submits payroll summaries and timesheets. (Docket No. 4-5.) In response, Shultz submits her own affidavit stating that Valley View does, in fact, employ more than 15 employees.[1] (Docket No. 10-1 at pp. 1-

---

[1] Interestingly, Shultz also submits a letter her attorney sent to the EEOC, explaining his belief that he did

2.)

As an initial matter, this Court will not consider any of the material submitted by either party in their attempt to establish Valley View's actual number of employees. On a motion to dismiss, a court "may [only] review only a narrow universe of materials" without converting the motion into one for summary judgment. Lora v. Centralized Mgmt. Serv., Inc., No. 18-CV-4253 (NSR), 2020 WL 3173025, at *1–2 (S.D.N.Y. June 12, 2020) (citing Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016)). In determining whether dismissal is warranted, a court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, …, and (4) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Healthnow New York Inc. v. Catholic Health Sys., Inc., No. 14-CV-986S, 2015 WL 5673123, at *2–3 (W.D.N.Y. Sept. 25, 2015) (Skretny, J.) (citing In re Merrill Lynch & Co., Inc., 273 F.Supp.2d 351, 356–357 (S.D.N.Y.2003) (footnotes omitted), aff'd 396 F.3d 161 (2d Cir.2005), cert denied, 546 U.S. 935, 126 S. Ct. 421, 163 L. Ed. 2d 321 (2005)).

Shultz does not appear to have relied on any of Valley View's documentation in drafting her complaint. Nor does her complaint appear to rely on the facts she later alleges in response to Valley View's motion. Therefore, this Court will not consider any of these factual submissions.

---

not need to file an EEOC complaint before commencing legal action *because Valley View employed fewer than 15 employees*. (See Docket No. 10-1 at p. 5.) Because this letter is outside what this Court can consider on a motion to dismiss, however, this Court will disregard its contents at this stage.

It is clear from the face of the complaint that Shultz fails to allege that Valley View is an employer as defined by Title VII, and dismissal is warranted on this basis. This conclusion notwithstanding, Plaintiff may be able to amend her complaint to plausibly allege that Defendant is an "employer" under Title VII. Because district courts have broad discretion to grant leave to amend pleadings, and because the federal rules dictate that courts "freely give leave when justice so requires," Fed. R. Civ. P. 15 (a)(2), this Court's dismissal is without prejudice, and Shultz will be permitted to amend her complaint.

## IV.  CONCLUSION

For the reasons stated above, Valley View's motion to dismiss is granted without prejudice. Shultz is granted leave to file an amended complaint.

## V.  ORDERS

IT HEREBY IS ORDERED, that Valley View's Motion to Dismiss (Docket No. 4) is GRANTED.

FURTHER, that Shultz may file an amended complaint within 14 days of the entry date of this decision.

FURTHER, that if Shultz does not file amended complaint within 14 days of the entry date of this decision, the Clerk of Court is DIRECTED to close this case without further action from this Court.

SO ORDERED.

Dated:     September 2, 2021
           Buffalo, New York

                                        <u>s/William M. Skretny</u>
                                        WILLIAM M. SKRETNY
                                        United States District Judge